IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-791-WDM-BNB

STEPHEN H. ADAMS,

    Plaintiff,

v.

LANCE DYER, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued January 27, 2006, that defendants' motion for summary judgment be granted in part and denied in part. Defendants Lance Dyer, Michael Gaskill, Christopher Stine, and the City of Aurora (collectively, "Objecting Defendants") requested and were granted an extension of time to file an objection to the recommendation. They filed their objection within the time permitted and thus are entitled to *de novo* review of those specific portions of the recommendation to which objection is made. 28 U.S.C. § 636(b). Plaintiff Stephen Adams did not object to the recommendation and therefore is not entitled to *de novo* review of the portions of the recommendation unfavorable to him.

I have reviewed *de novo* the pertinent portions of the record, including the complaint, the parties' filings in connection with the motion for summary judgment, the recommendation, and the objection filed by the Objecting Defendants. I accept the

recommendation that the claims against defendants Jonsgaard, Dy, Heller, Thull, Stahnke, Stevens, and Cloyd must be dismissed because Adams has not demonstrated personal participation on behalf of these defendants in the alleged constitutional violations.

Defendants Dyer, Gaskill, and Stine moved for summary judgment on the claims asserted against them, arguing the claims were barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* precludes an action for damages under 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff can prove that the conviction has been reversed, expunged, declared invalid, or called into question. 512 U.S. 486-87. In other words:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.

The claims against Officers Dyer, Gaskill, and Stine allege that these defendants violated Adams's constitutional rights by using excessive force against him in arresting him and in transferring him to and out of the police car. In their motion for summary judgment, these defendants provided evidence that Adams was convicted in Colorado state court of resisting arrest, attempting to disarm a peace officer, and second degree assault upon Officer Dyer. Adams did not respond with any proof that his convictions have been invalidated. Magistrate Judge Boland declined to dismiss the claims pursuant to *Heck*, however, because he found it unclear whether a judgment in favor of Adams in this case would necessarily imply the invalidity of his convictions because defendants' evidence did

not directly tie the convictions to the events giving rise to the § 1983 claims.

With their objection to the recommendation, the Objecting Defendants provide, for the first time, affidavits of the three officers making clear that the same events underlie both the conviction and Adams's current claims. Although I need not consider evidence or arguments presented for the first time in objections, there is no rule precluding me from doing so. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (issues raised for first time in objections to magistrate judge recommendation are deemed waived); *Muhleisen v. Principi*, 73 Fed. Appx. 320, 322 (10th Cir. 2003) (district court is under no obligation to consider evidence introduced for first time in objection to recommendation of magistrate judge; citing Fed. R. Civ. P. 72(b)).

Although ordinarily I would be reluctant to grant summary judgment based on evidence not presented in a timely manner so that the nonmovant could address it, the Objecting Defendants have relied on *Heck* all along and have provided some evidence (although found insufficient by Magistrate Judge Boland) to support dismissal of Adams's claims pursuant to *Heck*. Further, Adams has been aware of the additional evidence since the filing of the objections but has not sought to respond to it in any way. Under these circumstances, I conclude I may consider the newly presented affidavits.

In light of the evidence that Adams's convictions are based on the events for which he now seeks damages under section 1983, I agree with the Objecting Defendants that his claims are barred by *Heck* because a judgment in his favor–finding the officers used excessive force against him in arresting him and transporting him following his arrest– would necessarily imply that his conviction for resisting arrest was invalid. As stated

above, Adams has not provided any evidence that his convictions have been invalidated.

As a result of this application of *Heck*, summary judgment is proper in favor of defendants Dyer, Gaskill, and Stine.

The sole basis in the recommendation for leaving claims pending against the City of Aurora was that claims were still pending against Officers Dyer, Gaskill, and Stine. As this is no longer the case, summary judgment is also proper for the City.

Accordingly, it is ordered:

1. Magistrate Judge Boland's January 27, 2006 recommendation is accepted in part as modified herein.

2. Defendants' motion for summary judgment, filed April 18, 2005, is granted.

3. This case is dismissed in its entirety.

DATED at Denver, Colorado, on March 6, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge